UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERVIN THOMAS JENKINS, JR.                                          PLAINTIFF

v.                                         CRIMINAL ACTION NO. 3:08-cv-196-S

TOM DAILEY, Warden                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the motion for summary judgment (DN 21) filed by the defendant, Warden Tom Dailey ("Dailey"), and the Third Findings of Fact, Conclusions of Law, and Recommendation (DN 27) from the United States Magistrate Judge in this *pro se* habeas corpus action challenging the constitutionality of the conviction and sentence of the petitioner, Ervin Thomas Jenkins, Jr. ("Jenkins"). Before us is also a motion for an extension of time to obtain a certificate of appealability filed by Jenkins. (DN 28).

The Magistrate Judge concluded that none of the six grounds raised by Jenkins warrants relief under the standard of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) and recommended that the petition be dismissed with prejudice and Jenkins be denied a certificate of appealability. With regard to the certificate of appealability and the requirements of 28 U.S.C. § 2253(c), the Magistrate Judge concluded:

> Petitioner Jenkins has failed to make the required showing in this case. He has not established a substantial showing of the denial of a constitutional right in any of his six arguments, nor has he demonstrated that reasonable jurists could debate the procedural decision of the Court. Because reasonable jurors could not debate either matter, the Magistrate Judge recommends that a [certificate of appealability] be denied as to each of the issues presented.

(DN 27, p. 38).

No objection has been filed to the Magistrate Judge's Third Findings of Fact, Conclusions of Law, and Recommendation.  We therefore give deference to the findings of fact of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1).  Even though Jenkins has also not made any specific objections of the conclusions or recommendation of the Magistrate Judge, we nevertheless conduct a *de novo* review of his conclusions of law.  *See id.*; *see also United States v. Raddatz*, 447 U.S. 667, 673-74, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Having reviewed the record and the Magistrate Judge's findings, conclusions, and recommendations, we find that the thorough and well-reasoned opinion of the Magistrate Judge is amply supported by the record and law.  Therefore, IT IS HEREBY ORDERED AND ADJUDGED that the Third Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge (DN 27) are ACCEPTED AND ADOPTED IN THEIR ENTIRETY.  Therefore, IT IS HEREBY FURTHER ORDERED that the motion for summary judgment of Dailey (DN 21) is GRANTED and the petition of habeas corpus (DN 1) of Jenkins is DISMISSED WITH PREJUDICE.

We also find that the motion of Jenkins for an extension of time to obtain a certificate of appealability should be denied (DN 28).  Jenkins only requests that he be permitted further time to obtain the proper format in order to file his certificate of appealability under 28 U.S.C. § 2253.  However, we have concluded that the Magistrate Judge's Third Findings of Fact, Conclusions of Law, and Recommendation be adopted in its entirety.  Jenkins did not object to the Magistrate Judge's findings and conclusions which determined that Jenkins had failed to make the showing required for a certificate of appealability under 28 U.S.C. § 2253(c).  We have similarly concluded upon a thorough review of the record and applicable law, that Jenkins has failed to make the

requisite showing for a certificate of appealability on any of the six grounds raised by his motion for a writ of habeas corpus. Therefore, IT IS HEREBY ORDERED AND ADJUDGED that the motion of Jenkins for an extension of time to obtain a certificate of appealability under 28 § U.S.C. 2253(c) is DENIED.

IT IS SO ORDERED.

July 25, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

```
cc:   Petitioner, pro se
      Counsel of Record
```